RONALD EDWARD LUELLEN, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Luellen v. Commissioner
Docket No. 21197-92
United States Tax Court
T.C. Memo 1994-449; 1994 Tax Ct. Memo LEXIS 454; 68 T.C.M. (CCH) 668; September 6, 1994, Filed *454 Decision will be entered under Rule 155. Ronald Edward Luellen, Sr., pro se. For respondent: Anthony S. Gasaway. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
By notice of deficiency issued on July 16, 1992, respondent determined deficiencies in petitioner's Federal income taxes, additions to tax, and penalties as follows: Additions to Tax
Penalty Years
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6662(a)
1988
$ 2,507
$ 29 $ 133
N/A
1989
2,549
- 0 -
N/A $ 510
1990
2,350
- 0 -
N/A 470
Petitioner resided in DeSoto, Missouri, when he filed his timely petition in this Court. The issues are (1) whether petitioner is entitled to deduct certain expenses incurred in an *455 alleged trade or business during the taxable years involved; (2) if not, whether the underpayment is attributable to negligence under sections 6653(a)(1) and 6662(a); and (3) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file his 1988 Federal income tax return. Petitioner taught in the DeSoto public school system, and operated a "radio ministry" for the years involved. As a radio minister, petitioner broadcast a weekly evangelic program. Some listeners responded to his messages by sending contributions to petitioner; apparently more members of his congregation responded by asking him for help. Petitioner complied, spending his time outside of teaching tending to their needs. Although petitioner was dedicated to the community, he did not pay attention to business formalities. He did not maintain a separate bank account for the ministry, he did not keep adequate business records, and he did not prepare a budget. He paid for some of the ministry's expenses with loans from family and friends. When asked how he expected to make money from his ministry activities, petitioner replied that "I just know there is going to come a day, *456 and that day is fastly approaching, that there -- it is just going to be a great day -- that things will be -- that it won't be in the red at all." However, the radio station from which he broadcast closed in 1991, and he has not sought out other venues. Petitioner reported income and expenses from his radio ministry on Schedule C as follows: 1988
1989
1990
Income:
$    750
$    750
$    450
Expenses:
Car/truck
3,000
5,000
--
Laundry/cleaning
500
--
--
Legal services
1,000
3,500
1,500
Office
500
1,000
1,000
Repairs
2,700
1,500
2,000
Travel
1,500
--
3,000
Meals/
entertainment
--
--
400
"Air-Time"
2,000
3,000
3,000
Total:
$ 11,200
$ 14,000
$ 10,900
Net Loss:
$ 10,450
$ 13,250
$ 10,450
Petitioner untimely filed his 1988 Federal income tax return on May 15, 1989. Respondent disallowed all of the claimed expenses on the ground that petitioner had not established that the amounts claimed were for ordinary and necessary business expenses incurred in a trade or business. Respondent adjusted petitioner's tax for these years to accord with the disallowance of expenses, reduced petitioner's earned *457 income credit, determined self-employment income tax for each of the years in issue, and deducted one-half of the self-employment income tax from gross income for 1990. Section 162(a) provides that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". In deciding whether a taxpayer is entitled to a deduction under section 162, we must first determine whether he conducted the activity as a trade or business. Whether an activity is conducted as a trade or business depends on the facts and circumstances; however, "the taxpayer must be involved in the activity with continuity and regularity and * * * the taxpayer's primary purpose for engaging in the activity must be for income or profit." Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). We have delineated standards for ascertaining whether a taxpayer engages in an activity for profit. In determining whether an activity is engaged in for profit, petitioner must show that he engaged in the activity with an actual and honest objective of making a profit. Surloff v. Commissioner, 81 T.C. 210, 233 (1983); *458 Dreicer v. Commissioner, 78 T.C. 642, 644-645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Determinations of whether petitioner had an actual and honest objective of making a profit requires an examination of all the surrounding facts and circumstances of the case. Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs. We give greater weight to the objective facts than to petitioner's mere statement of intent. Dreicer v. Commissioner, supra at 645; sec. 1.183-2(a), Income Tax Regs.
The regulations suggest relevant factors to determine whether an activity is engaged in for profit. No one factor is controlling. Abramson v. Commissioner, 86 T.C. 360, 371 (1986); Golanty v. Commissioner, supra at 426; sec. 1.183-2(b), Income Tax Regs. Relevant factors include: (1) The manner in which the taxpayer carries on an activity; (2) the expertise of the taxpayer or his *459 advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) the elements of personal pleasure or recreation involved. Sec. 1.183-2(b), Income Tax Regs.
The facts make clear that, although petitioner might have been a dedicated minister, he did not engage in his ministry to generate a profit. He had no expectation of recouping his losses, which were far outstripping his receipts. In fact, by 1990 he was spending 24 times the amount of money that the ministry was bringing in. Of the factors in section 1.183-2, Income Tax Regs., only the third and eighth factors lean in petitioner's favor; the other factors weigh heavily against him. Petitioner's radio ministry was not conducted as a trade or business. This does not, however, end our inquiry. Section 183 generally allows the expenses of an activity not *460 conducted for profit to offset the gross income attributable to that activity. Respondent conceded that petitioner had substantiated payment of $ 3,021 for "air-time" in 1988, representing the broadcasting costs of petitioner's radio ministry. [2] Also, petitioner stated that he paid $ 57 each week for air time throughout the years at issue. Accordingly, we find that, under the rule of Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), petitioner has substantiated the expenses for air time for each year in an amount sufficient to offset the gross income derived from his ministry activity.[3]
*461 Respondent determined an addition to tax for negligence under section 6653(a)(1) for 1988, penalties for negligence under section 6662(a) for 1989 and 1990, and an addition to tax for failure to timely file petitioner's 1988 return under section 6651(a)(1). Petitioner did not offer any evidence that the underpayments of taxes were not due to negligence or that the untimely filing of his 1988 return was due to reasonable cause. These issues are deemed conceded by petitioner. [4]Rothstein v. Commissioner, 90 T.C. 488, 497 (1988). Based on the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. For purposes of this opinion, we have assumed that petitioner substantiated the balance of the deductions claimed. As the record indicates, however, this assumption is highly questionable.↩
3. We are not convinced that petitioner derived any↩ gross income from this activity. He indicated that he collected a few dollars from radio audience contributions, and that the honoraria he received for performing religious services were nominal. He did not maintain an accounting system for his receipts, and we do not know how he arrived at the gross income amounts that he reported.
4. It should be noted that the state of petitioner's records of his alleged expenses, or, more accurately, the lack of any meaningful records of these alleged expenses, supports respondent's determinations with regard to the addition to tax and penalties for negligence.↩